IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AUTO-OWNERS LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-96 (MTT) |
| DEVEREAUX BURNETT, | ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court on Plaintiff Auto-Owners Life Insurance Company's ("Auto-Owners") motion for summary judgment. (Doc. 12).[1] For the reasons stated below, the motion is **GRANTED in part and DENIED in part**.

### I.   BACKGROUND[2]

**A.  Statement of the Facts**

This action involves alleged misrepresentations in a disability insurance application. On June 30, 2007, Devereaux Burnett applied for disability insurance with Auto-Owners. (Doc. 12-1, ¶ 1). Burnett claimed he became disabled and unable to work after he fell from a tractor trailer truck and injured himself on February 23, 2007.

---

[1] Also before the Court is Auto-Owners' motion to amend its memorandum in support of its motion for summary judgment. (Doc. 16). The amended memorandum merely adds case law to Auto-Owners' explanation of the summary judgment standard. Auto-Owners' motion to amend is **GRANTED**.

[2] Relevant to the present case, Local Rule 56 provides that "[a]ll material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." After receiving two notices of his option to respond to the motion for summary judgment with instructions on what the local and federal rules require, Burnett neglected to file a response to Auto-Owners' statement of material facts. Accordingly, the facts contained in Auto-Owners' statement of material facts are deemed admitted.

(Doc. 12-1, ¶ 3). He filed subsequent claims for disability on October 2, 2007, July 31, 2009, and March 10, 2011.[3] (Doc. 12-1, ¶ 7). As a result of these claims, Burnett received $3,170.00 per month from Auto-Owners between December 17, 2007, and March 25, 2013, totaling $202,880.00. (Docs. 1-4; 12-1, ¶¶ 7-8).

On Burnett's application for disability insurance, Burnett represented to Auto-Owners that he was not already receiving any disability income from another source. (Doc. 12-1 at 13). However, by failing to respond to Auto-Owners' statement of material facts, Burnett admits that at the time he applied for insurance with Auto-Owners, he was already receiving approximately $3,000 per month in disability payments from Combined Insurance. (Doc. 12-1, ¶ 2). Burnett also admits he misrepresented on his application that he had not missed work because of an accident or sickness for more than ten days at a time; that for the previous five years, he had not made a claim for benefits to any insurance company because of illness and injury; and that for the previous ten years, he had not been treated for arthritis, back trouble, or any disorder of the spine, muscle, joints, or bones. (Doc. 12-1, ¶¶ 10-12). Burnett further admits that he knowingly made all of the above misrepresentations with the intent to deceive and induce Auto-Owners into providing him disability insurance. (Doc. 12-1, ¶ 13).

### B. Procedural History

Auto-Owners filed its complaint on March 5, 2014, alleging fraud, negligent misrepresentation, and unjust enrichment based on the alleged misrepresentations in Burnett's application for disability insurance. (Doc. 1). Burnett answered the complaint with a general denial of the claims. (Doc. 5). During discovery, Auto-Owners served

---

[3] Burnett admits that he signed the June 30, 2007 insurance application and the subsequent claims for disability. (Doc. 12-1, ¶¶ 1, 4-6).

Burnett with its initial disclosures, first continuing interrogatories, and first requests for admission.[4]  (Doc. 12-2, ¶¶ 4-5, 9).  After Auto-Owners moved for summary judgment, Burnett filed his answer to Auto-Owners' interrogatories but did not respond to Auto-Owners' requests for admission.  (Doc. 15).

The Court then provided Burnett, a pro se party, with two notices explaining his option to respond to Auto-Owners' motion for summary judgment.  (Docs. 19; 22).  After receiving the first notice, Burnett filed a response styled as a "motion to dismiss."  (Doc. 20).  Auto-Owners responded to this motion and Burnett replied.  (Docs. 21; 23).  After receiving the second notice from the Court, he filed a response to Auto-Owners' motion for summary judgment.[5]  (Doc. 24).  Burnett did not provide a response to Auto-Owners' requests for admission in any of these filings.

## II.   DISCUSSION

### A.  Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'"  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels*

---

[4] According to Auto-Owners, Burnett informed its counsel at a discovery conference between the parties on September 13, 2014, that he had not received Auto-Owners' first continuing interrogatories or requests for admission.  (Doc. 11, ¶ 4).  Auto-Owners confirmed with Burnett that his address was the same one where it had sent the discovery documents.  (Doc. 11, ¶ 4).  Auto-Owners has attached to its motion the UPS tracking record for this package.  (Doc. 12-5).  According to Auto-Owners' counsel, Burnett also went to counsel's office and picked up copies of Auto-Owners' initial disclosures, first continuing interrogatories, and first requests for admission on September 26, 2014.  (Doc. 11, ¶ 6).  Burnett does not assert in his responses to Auto-Owners' motion that he never received these discovery materials.

[5] While Burnett styled the brief he submitted following the Court's first notice as a "motion to dismiss," both this brief and the brief filed after the Court's second notice respond to Auto-Owners' motion for summary judgment.  Accordingly, the Court construes both documents as responses to Auto-Owners' motion for summary judgment.

*of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the moving party to prove that no genuine issue of material fact exists. *Id.* The party may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

"If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment." *Anthony v. Anthony*, 642 F. Supp. 2d 1366, 1371 (S.D. Fla. 2009) (citing *Four Parcels of Real Prop.*, 941 F.2d at 1438). The moving party must carry its burden by presenting "credible evidence" affirmatively showing that, "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *Four Parcels of Real Prop.*, 941 F.2d at 1438. In other words, the moving party's evidence must be so credible that, if not controverted at trial, the party would be entitled to a directed verdict. *Id.*

"If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Id.* (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)) (alteration in original). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. ... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986). Thus, the Court "'can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists.'" *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (quoting *Tippens v. Celotex Corp.*, 805 F.2d 940, 952 (11th Cir. 1986)).

### B. Analysis

Auto-Owners contends that it is entitled to summary judgment because Burnett admitted to facts which establish his liability for the alleged claims by failing to respond to Auto-Owners' requests for admission. Burnett responds that Auto-Owners failed to establish his liability for fraud, negligent misrepresentation, and unjust enrichment; that the statute of limitations has run on the claims alleged; that Auto-Owners "acquiesced" to the alleged fraud by continuing to charge Burnett the "disability income premium" after filing the present lawsuit; and that the incontestability clause in the insurance policy precludes Auto-Owners from recovery.

#### 1. Federal Rule of Civil Procedure 36

As a preliminary matter, the Court will address Burnett's failure to respond to Auto-Owners' requests for admissions. "[R]equests for admissions are automatically deemed admitted if not answered within 30 days, and … the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment to the admissions." *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992); Fed. R. Civ. P. 36. Burnett did not respond to Auto-Owners' requests for admission, did not move the Court for permission to withdraw or amend his admissions, and did not address any of the requests by Auto-Owners in any of his filings with the Court.

Therefore, Burnett admits to the following: (1) he falsely represented on his Auto-Owners application that he was not collecting disability insurance payments from another source at the time he applied for insurance with Auto-Owners; (2) he falsely represented that he had not been absent from work due to accident or illness for more than ten days at a time; (3) he falsely represented that he had not made a claim for disability to any insurance company for injury or illness for the previous five years; (4) he falsely represented that he had not been treated for arthritis, back trouble, or any disorder of the spine, muscle, joints, or bones for the previous ten years; (5) he "intentionally made false representations" on the Auto-Owners application "with the intent of deceiving Auto-Owners and inducing it to issue a policy of disability insurance"; and (6) he received $202,800.00 from Auto-Owners as a result of the claims for disability submitted on October 2, 2007, July 31, 2009, and March 10, 2011.  (Doc 12-1).

However, Auto-Owners' requests for Burnett to admit that he is obligated to pay punitive damages and attorney's fees and costs is an improper request to admit a legal conclusion.  (Doc. 12-1, ¶¶ 14-15).  *See In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014) ("[A]n admission to … a legal conclusion [is] not proper under Federal Rule of Civil Procedure 36.  A party may not request an admission of a legal conclusion under Rule 36, but only 'facts, the application of law to fact, or opinions about either.'" (quoting Fed. R. Civ. P. 36)).  The Court does not deem Auto-Owners' requests that Burnett admit he is obligated to pay punitive damages and attorney's fees and costs to be requests to admit a fact, application of law to fact, or opinion about either.

## 2. Fraud[6]

Auto-Owners contends that Burnett has admitted to facts which establish his liability for fraud.  To establish a prima facie case for fraud in Georgia, a plaintiff must demonstrate: "(1) a false representation of a past or present fact; (2) scienter; (3) intention to induce the plaintiff to commit an act or refrain from committing an act; (4) reliance; and (5) damage."  *DeLong Equip. Co. v. Wash. Mills Abrasive Co.*, 887 F.2d 1499, 1519 (11th Cir. 1989), *aff'd in part, rev'd in part on other grounds*, 990 F.2d 1186 (11th Cir. 1993); *see also Lee v. All States Life Ins. Co.*, 49 Ga. App. 718, 176 S.E. 811, 812-13 (1934) ("Where a person makes, in an application for insurance, a false statement, knowing it to be false, which is made with a view to procuring the insurance, such conduct amounts to actual fraud.").

Burnett's admissions establish that he made multiple representations on his disability insurance application which he knew to be false; that he intentionally made these misrepresentations to deceive and induce Auto-Owners into providing him insurance; and that these misrepresentations did in fact induce Auto-Owners to provide him insurance and monthly payments on his disability claims between December 17, 2007, and March 25, 2013, totaling $202,800.00.  Thus, Burnett's admissions supply

---

[6] In his responses to Auto-Owners' motion for summary judgment, Burnett appears to assert a statute of limitations defense because the alleged fraud occurred in 2007, and the complaint was not filed until 2013, after the four-year statute of limitations had run.  However, "where the gravamen of the underlying cause of action is actual fraud, the statute of limitations is tolled until the fraud is discovered or by reasonable diligence should have been discovered."  *Hamburger v. PFM Capital Mgmt., Inc.*, 286 Ga. App. 382, 388, 649 S.E.2d 779, 785 (2007) (internal quotation marks and footnote omitted).  As discussed below, Auto-Owners contends Burnett committed actual fraud by making misrepresentations on his insurance application.  Auto-Owners argues the limitations period was tolled because it did not discover and could not have reasonably discovered the fraud until August 21, 2013, when Burnett testified in an examination under oath regarding an unrelated property theft. (Doc. 1-7).  The Court agrees.  Accordingly, Auto-Owners' March 5, 2014 complaint was filed within the limitations period.  Moreover, Burnett has failed to present evidence creating a genuine issue of material fact that the limitations period would not be tolled.  Thus, Burnett's statute of limitations argument is without merit.

Auto-Owners with the evidence necessary to establish each element of fraud. Moreover, Burnett's arguments opposing summary judgment are without merit.[7] Accordingly, Auto-Owners is entitled to summary judgment as to the fraud claim.[8]

### 3. Damages and Attorney's Fees and Costs

By failing to respond to Auto-Owners' requests for admission, Burnett also admits that as a result of his misrepresentations, he received $202,800.00 from Auto-Owners in payments on his disability claims and that he is obligated to repay Auto-Owners this amount. (Doc. 12-1, ¶¶ 8, 14). In addition to Burnett's admission, Auto-Owners provided documentation verifying the total of these payments. (Doc. 1-4). Accordingly, Auto-Owners is entitled to receive $202,800.00 in compensatory damages.

Auto-Owners also requested Burnett to admit that he is obligated to pay punitive damages. However, this is an improper request to admit a legal conclusion. Nevertheless, "[p]unitive damages are authorized … when fraud is established." *H&H Subs, Inc. v. Lim*, 223 Ga. App. 656, 658, 478 S.E.2d 632, 634 (1996). Based on Burnett's admission of facts, and not his admission to the legal conclusion, Auto-Owners has established the elements of fraud and therefore is entitled to an award of punitive damages. *See* O.C.G.A. § 51-12-5.1(b) ("Punitive damages may be awarded

---

[7] As discussed, Burnett contends the statute of limitations has run on Auto-Owners' claims. Again, there is no statute of limitations issue as to Auto-Owners' fraud claim. *See supra* note 6. Burnett also argues Auto-Owners has failed to provide evidence that it exercised due diligence to discover the fraud and "acquiesced" by continuing to bill Burnett after filing the present lawsuit. (Docs. 23; 23-2). However, Burnett has not pointed to a time earlier than his examination under oath testimony where Auto-Owners could have reasonably discovered that Burnett had made false representations on his application. The Court also finds it unpersuasive that Auto-Owners acquiesced to Burnett's fraud by charging him the "disability income premium" during the pendency of this lawsuit. Finally, Burnett argues the policy's incontestability clause precludes Auto-Owners from recovery. Because the incontestability clause is not triggered when an insured, like Burnett, makes fraudulent statements, this argument is also without merit.

[8] Auto-Owners also asserts a negligent misrepresentation claim and an unjust enrichment claim as alternative theories of liability. Because Auto-Owners is entitled to summary judgment as to the fraud claim, the Court need not address the other two theories of liability.

only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed … fraud ….").  However, the amount of punitive damages must be determined by a jury.  *See Scott v. Battle*, 249 Ga. App. 618, 621, 548 S.E.2d 124, 128 (2001) ("Subject to O.C.G.A. § 51-12-5.1(g), the amount of punitive damages to be awarded … is determined according to the enlightened conscience of a fair and impartial jury.").

Auto-Owners further requested Burnett to admit that he is obligated to pay attorney's fees and costs.  This is also an improper request to admit to a legal conclusion.  "[A]ttorney fees cannot be awarded by a trial court pursuant to O.C.G.A. § 13-6-11 at the summary-judgment stage of proceedings because the very language of the statute prevents a trial court from ever determining that a claimant is entitled to attorney fees as a matter of law." *Sherman v. Dickey*, 322 Ga. App. 228, 233-34, 744 S.E.2d 408, 412 (2013) (internal quotation marks and footnote omitted).  "[B]oth the liability for and amount of attorney fees pursuant to O.C.G.A. § 13-6-11 are solely for the jury's determination." *Covington Square Assocs., LLC, v. Ingles Mkts., Inc.*, 287 Ga. 445, 446, 696 S.E.2d 649, 641 (2010).  In other words, regardless of whether the facts are undisputed, the Court is without power to award attorney's fees.  Thus, the question of Auto-Owners' entitlement to attorney's fees and costs and the amount, if awarded, will be presented to a jury to decide.

### III.   CONCLUSION

For the foregoing reasons, Auto-Owners' motion for summary judgment is **GRANTED in part and DENIED in part**.  (Doc. 12).  Auto-Owners is entitled to receive compensatory damages totaling $202,800.00 and punitive damages in an amount to be

determined by a jury at trial.  Whether Auto-Owners is entitled to attorney's fees and costs and the amount, if awarded, will also be determined by a jury.

**SO ORDERED**, this 6th day of May, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
